Rogers, J.
In this case a temporary restraining order was allowed by another branch of this court, and June 1st was fixed as the day to hear the plaintiffs’ application for a temporary injunction. *130 Before that day arrived I was specially designated by the presiding judge of this subdivision to hear such application. On calling the case for the purpose of hearing the application for a temporary injunction, the plaintiffs moved for a postponement of the hearing in order that they might take certain testimony, and the defendants opposed and moved that the restraining order then in force be at once dissolved. Exhaustive arguments were made by counsel, both upon the special motions and generally on the matters in controversy, involving both difficult and grave questions of law and fact.
With regard to the disposition of the matters before me, I will only announce my conclusions. I am of opinion that the motion of the defendants to dissolve the entire restraining order should be denied and refused, and it is so ordered. However, I am of opinion that the portion of said restraining order which restrains and enjoins the Hocking Valley Railway Company, its directors, officers and agents, and each of them, from taking any steps towards the retirement of the preferred stock of said company should be dissolved, and. to that extent the restraining order should be modified, and it is so ordered.
I am further of opinion, upon the showing made by the plaintiffs, that they are entitled to have a postponement of the hearing on the application for a temporary injunction for such reasonable time as will enable them to obtain testimony, by way of deposition or otherwise, in support of their petition, and for that purpose I postpone the hearing of such application for a period of ten days, or such further time as the parties may agree upon. If the' parties see fit to hear the case upon its merits instead of upon the application for a temporary injunction, I will try and arrange such hearing so that the ease may be speedily determined in this court.
A temporary restraining order, as well as a preliminary injunction, is a provisional remedy, and, as far as posisble, it is allowed or disallowed, as the ease may be, without the intention on the part of the court of .forecasting what may be the final decree on full hearing. And on the question of allowing such restraining order and permitting the same to continue until a *131 hearing on a temporary injunction, the relative rights of the parties and the injury to each by its continuance are proper matters for consideration. The situation, upon allowing the postponement of the hearing of the temporary injunction and the continuing in force of the restraining order, presents a question of the relative convenience or inconvenience of these parties, and I am satisfied that the discretion of the court should be exercised in favor of such postponement. It "is the law that whenever questions of law or fact to be ultimately determined in an equity suit are grave and difficult, a preliminary injunction to maintain the status quo may properly issue, especially where the injury to the moving party will be immediate, certain and great if it is denied, while the loss or injury to the opposing party will be comparatively small and insignificant if granted.
The same rule may apply to the postponement of the hearing of the temporary injunction and the further continuance in force of the restraining order. The loss or injury to the defendants will be insignificant as compared with the probable injury to the plaintiffs if the restraining order should now be dissolved before they have had an opportunity to present their evidence upon the application for a temporary injunction. I have, therefore, considered it a less hardship upon the" defendants to continue the restraining order as modified, even though it may ultimately be determined that it should not have been granted, than to dissolve it with the resultant injury that might follow to the plaintiffs if it.should ultimately be determined that the restraining order should not have been dissolved.
It has been held, in effect, by another branch of this court that the ownership by the Chesapeake & Ohio Railway Company and the Lake Shore & Michigan Southern Railway Company of the stock of the Kanawha & Michigan Railway Company was illegally acquired and when so acquired stockholders have a right to enjoin the voting of the same. In other words, it is held, in effect, that one railroad company has no right, except in pursuance of the statutes, to purchase the stock belonging to another railroad company, and such transaction is against *132 public policy and in contravention of the law of this state. (See opinion of Kinkead, J., in Manington et al v. The Hocking Valley Railway Company, No. 58,898, in this court.)
In view of this holding, it is a settled-rule of this court that it will follow the decision of another branch of this court when the same question is at issue, and I am not inclined to disturb the position of - Judge Kinkead on the question which he has previously decided — being on a hearing for a temporary order— unless upon a full hearing upon the merits I may arrive' at a different conclusion.
However, the holding of the stock of the Kanawha & Michigan Railway Company and of the Hocking Valley Railway Company by the Chesapeake & Ohio and the Lake Shore & Michigan Southern, as alleged in the petition, does not, in my opinion, warrant the plaintiffs in preventing the officers of the Hocking Valley Railway Company from exercising rights pursuant to the charter, the resolution of its board of directors and the law of the state, in retiring the preferred stock of the Hocking Valley Railway Company. The plaintiffs have no interest in the preferred stock of the Hocking Valley Railway Campany, nor do they show any interest in the Hocking Valley Railway which justifies equitable interference by injunction to prevent the retirement of the Hocking Valley preferred stock, even though the plan of retiring be a part of an alleged plan or scheme of conspiracy to oppress the plaintiffs, for they can not be oppressed by the retirement of -this stock. They can only be oppressed, if- their petition be true, by the exercise of ownership in the shares of stock of the Kanawha & Michigan Railway Company so illegally held by the Chesapeake & Ohio and the Lake Shore & Michigan Southern.
Plaintiffs ask to amend by showing that one of the plaintiffs is a stockholder in the Hocking Valley. Objection is made to such amendment by the defendants on the ground that there is a suit now pending wherein the plaintiff here asking to amend intervenes as plaintiff, and sets up his ownership in the same stock of the Hocking Valley. On this account I see no reason for permitting the amendment, and leave is denied.
*133 I am unable to understand how a plaintiff could claim to be owner of the Hocking Valley stock and by reason of being such owner protect his rights as a stockholder .of the Kanawha & Michigan.
I am not disposed to go further into detail in this matter. An order may be drawn in accordance with the foregoing opinion, and exceptions may be taken by the parties.